UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MORRIS E. KERNAN, JR., MARY
KERNAN,

        Plaintiffs,

-vs-                                    Case No.  5:03-cv-403-Oc-10GRJ

OCALA EQUINE HOSPITAL, P.A., JOHN
B. MADISON, V.M.D.,

        Defendants.
_____

## **O R D E R**

This case is before the Court for consideration of the Defendants' Motion to Tax Costs and Award Attorney's Fees (Doc. 61), to which the Plaintiffs have responded (Doc. 64).  The Court concludes that the Defendants' motion is due to be denied.

### **I. Attorneys' Fees**

On March 17, 2005, the jury found that the Defendants were not negligent in conducting recovery procedures following the two surgeries performed on the Plaintiffs' horse, Mr. Charm.[1]  In addition, the jury concluded that the Plaintiffs were indebted to Defendant Ocala Equine Hospital in the amount of $2,914.40 for services rendered in

---

[1]    See Doc. 56, Jury Verdict.

performing the surgical procedures upon Mr. Charm.[2] On March 18, 2005, judgment was entered in favor of the Defendants and against the Plaintiffs.[3]

The Defendants contend that they should be awarded $32,120.50 in attorneys' fees incurred during the course of this lawsuit because the "surgery consent form" signed by the Plaintiffs provided the Defendants with the right to recover such fees. In relevant part, the form states that the Plaintiffs "assume all financial responsibility for all charges incurred in the diagnosis and treatment of this patient and that full payment is due at the time of discharge from the hospital or upon termination of treatment." In addition, the form states "that in the event that it would become necessary to utilize the services of an attorney for collection of my account to Ocala Equine Hospital, P.A., I agree to pay reasonable attorneys' fees, costs of collection and all court costs." The Plaintiffs claimed during trial that they were not required to pay their bill for services rendered by the Defendants because the Defendants performed the veterinary services in a negligent manner. The Defendants argue that they were required to retain counsel to defend the veterinary negligence claim in its entirety, so that a determination could be made as to the appropriateness of the care given by the Defendants and so that the Defendants may secure payment for the veterinary services rendered.

---

[2] Id.

[3] See Doc. 60, Judgment.

In support of the Defendants' motion for attorneys' fees, the Defendants have filed with the Court a list of fees incurred by their attorneys, paralegals, and law clerks during the course of this case. The list of fees does not include the hourly rate charged by its attorneys, paralegals, and law clerks; does not detail why each fee was incurred; and does not state whether the fee was incurred for the defense of the negligence issue or to recover their fee for services rendered. The Defendants have also not provided any evidence that the fees they request are reasonable.

In response to the Defendants' motion for attorneys' fees, the Plaintiffs argue that the consent form relied upon by the Defendants was never executed by the Plaintiffs. In addition, the Plaintiffs argue that the costs and fees sought by the Defendants are not covered by the consent form since the form does not require the Plaintiffs to pay all costs and fees incurred by the Defendants with regard to any and all disputes that may arise between the Parties. The Plaintiffs contend that the Defendants' attempt to require the Plaintiffs to bear the entire cost of this litigation violates the American Rule, which requires each party to pay its own attorneys' fees. Lastly, the Plaintiffs argue that the attorneys' fees requested are unreasonable, excessive, and unsupported.

"Under Florida law, each party generally bears its own attorneys' fees unless contract or statute provides otherwise."[4] The Defendants claim that the consent form signed by the Plaintiffs' agent entitles them to attorneys' fees. However, the consent form

---

[4] United States v. Pepper's Steel & Alloys, Inc., 289 F.3d 741, 742 (11th Cir. 2001) (citing Fla. Patient's Comp. Fund v. Rowe, 472 So.2d 1145, 1148 (Fla. 1985).

entitles the Defendants to attorneys' fees relating to the recovery of payment owed by the Plaintiffs for veterinary services rendered by the Defendants, and not to attorneys' fees relating to other disagreements that may arise between the Parties, including the central issue in this case, which was whether the Defendants were negligent in the treatment of the Plaintiffs' horse. The Defendants have made no effort to demonstrate what attorneys' fees are attributable to the recovery of payment for veterinary services versus the attorneys' fees attributable to litigating the negligence issue. Additionally, the Defendants have made no effort to demonstrate that the attorneys' fees are reasonable. Accordingly, the Defendants' motion for attorneys' fees is due to be denied.

## II. Costs

The Defendants contend that they should be awarded $6,600.17 for costs incurred during the course of this lawsuit because the "surgery consent form" signed by the Plaintiffs also provided the Defendants with the right to recover "costs of collection and all court costs."[5] In support of their motion for costs, the Defendants have filed a list of taxable costs which includes the date the cost was incurred, the payee, the type of cost, and the amount of the cost.[6]

---

[5] In their pursuit of costs, the Defendants rely on the same language in the consent form as set forth in the section of this Order discussing attorneys' fees. See supra pg. 2.

[6] In particular, the Defendants seek to recover the following types of costs: copies, deposition fees, conference call charges, witness fees, mediation fees, expert witness fees, Federal Express charges, mileage expenses, postage expenses, fax charges, long distance telephone charges, and telecopier charges.

The consent form in this case only gives the Defendants the right to reasonable costs of collection and court costs relating to the recovery of payment owed by the Plaintiffs for veterinary services rendered by the Defendants, and does not give the Defendants the right to collect costs relating to other disagreements that may arise between the Parties, including the central issue in this case, which related to the negligence of the Defendants. The Defendants have made no effort to demonstrate what costs are attributable to the recovery of payment for veterinary services versus the costs that are attributable to litigating the negligence issue. Additionally, the Defendants have made no effort to demonstrate that the costs are reasonable. Accordingly, the Defendants' request for costs pursuant to the consent form is due to be denied.

Pursuant to Federal Rule of Civil Procedure 54(d)(1), "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." In addition, the Rule provides that "costs may be taxed by the clerk on one day's notice" and the court may review the clerk's taxation of costs "[o]n motion served within 5 days thereafter." 28 U.S.C. § 1920 provides that:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript *necessarily* obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers *necessarily* obtained for use in the case;
> (5) Docket fees under section 1923 of this title;

> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.[7]

Pursuant to 28 U.S.C. § 1924:

> Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed.

The Defendants have failed to file an affidavit as required by § 1924, therefore the Defendants bill of costs may not be taxed. Furthermore, the Defendants' list of taxable costs, to which the Plaintiffs have objected, is inadequate for the Court to make a determination as to the necessity and reasonableness of the costs incurred. Accordingly, under the federal procedure available for a prevailing party to recover costs, the Defendants' motion to tax costs is due to be denied.

### III. Conclusion

Accordingly, upon due consideration, the Defendants' Motion to Tax Costs and Award Attorney's Fees (Doc. 61) is DENIED.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 17th day of May, 2005.

*[signature]*

UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record

---

[7] (emphasis added).